# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBSON & ROBSON P.C.<br>2200 Renaissance Boulevard, Suite 270<br>King of Prussia, PA 19406<br><br>　　　　　Plaintiff,<br><br>　　　　　vs.<br><br>MICHAEL BROWN<br>3 Sterling Court<br>Blackwood, NJ 08012<br><br>　　　　　Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*   NO.<br>*<br>*<br>*<br>*<br>*<br>* |

## CIVIL ACTION COMPLAINT

Plaintiff Robson & Robson P.C. brings this civil action against Defendant Michael Brown and in support thereof avers as follows:

## Parties

1. Plaintiff Robson & Robson P.C. is a professional corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a primary business address of 2200 Renaissance Boulevard, Suite 270, King of Prussia, Pennsylvania 19406.

2. Defendant Michael Brown, an adult individual, with a primary address of 3 Sterling Court, Blackwood, New Jersey 08012.

## Jurisdiction

3. This Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse in their domiciles and the amount in controversy exceed $75,000.00.

4. At all times material hereto, Plaintiff was a Pennsylvania corporation.

5. Plaintiff's primary place of business is Pennsylvania.

6. Defendant is a New Jersey domiciliary.

7. The amount in controversy is in excess of $75,000, exclusive of interest and costs.

## Venue

8. Venue lies in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims occurred in this district.

9. All the services performed by Robson & Robson P.C. pursuant to its agreement with Defendant were performed in this district for an underlying case filed in the United States District Court for the Eastern District of Pennsylvania.

## Facts Giving Rise to the Action

10. On or about July 15, 2019, Defendant retained Plaintiff to represent him in conjunction with a dispute with his business partner, Dominic Menta.

11. On or about July 15, 2019, Defendant executed an engagement letter ("Engagement Letter") that set forth the terms of Plaintiff's representation of Defendant. A copy of the Engagement Letter is attached hereto as Exhibit "A."

12. The terms of the Engagement Letter covered all services that Robson & Robson P.C. performed, including assisting Defendant in a dispute with his business partner.

13. At the request of Defendant, Plaintiff performed legal services in order to benefit the Defendant, his company, Environmental Construction Services, Inc. ("ECSI"), and ECSI's employees.

14. Those services included initiating an action in against Defendant's business partner and related companies in the United States District Court for the Eastern District of Pennsylvania, defeating a motion to dismiss that action, partially prevailing on a motion to dismiss counterclaims asserted against Defendant, ESCI and its employees in that action and reviewing hundreds of thousands of pages of discovery materials. *Environmental Construction Services, Inc. et al. v. Menta*,

(NO. 2:19-cv-03477-NIQA) ("Federal Case").

15. Those services also included successfully defending a books and records action filed in the Court of Common Pleas of Philadelphia County asserted by Menta against ECSI. *Menta v. Environmental Construction Services, Inc.* (Phila CCP No. 191000353) ("Common Pleas Case").

16. During the representation, Plaintiff submitted monthly bills to Defendant that reflected time spent on, and then billed to, Defendant's file with Plaintiff. True and correct copies of the monthly invoices are attached hereto as Exhibit "B."[1]

17. Despite receiving the benefit of Plaintiff's legal services, Defendant refuses to pay for such services.

18.  A copy of Defendant's current statement with Plaintiff is attached hereto as Exhibit "C."

19. Pursuant to the Engagement Letter, Plaintiff is entitled to recover interest, attorney fees, and costs ("Collection Costs"), associated with any action to collect from Defendant monies owed for services rendered by Plaintiff on behalf of Defendant.  The Engagement Letter states that the collection costs will be no less than $5,000.00 should Plaintiff be required to take action to collect on its invoices.

20. Prior to instituting this lawsuit, Plaintiff terminated its relationship with Defendant.

21. On January 13, 2020, the United States District Court for the Eastern District of Pennsylvania granted Plaintiff's request to withdraw from representation of Defendant in the Federal Case.

22. On June 11, 2020, the Court of Common Pleas of Philadelphia County granted Plaintiff's request to withdraw from representation of Defendant in the Common Pleas Case.

23. At all times material hereto, Plaintiff adhered the terms of the Engagement Letter to

---

[1] The descriptions on the invoices have been redacted to preserve confidentiality.

provide legal services to Defendant and conducted itself in a reasonable and good faith manner.

24. Defendant has breached his agreement with Plaintiff by not paying the invoices when due.

25. The rates charged by Plaintiff were fair and reasonable given the scope of legal representation.

## COUNT I
## BREACH OF CONTRACT

26. Plaintiff hereby incorporates by reference the previous paragraphs of this Complaint as though set forth at length herein.

27. Plaintiff and Defendant entered into a binding agreement wherein Plaintiff provided legal services on behalf of Defendant.

28. Plaintiff adhered the terms of the agreement to provide legal services on Defendant's behalf.

29. Defendant breached his agreement with Plaintiff by failing to pay invoices for said legal services when due.

30. As a result of the Defendant's breach, Plaintiff has suffered significant financial injury.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment an amount in excess of $75,000 in its favor against Defendant together with pre-judgment and post judgment interest accruing at the rate of 18% per annum, attorney's fees and any other relief the Court deems just.

## COUNT II
## UNJUST ENRICHMENT/QUANTUM MERUIT

31. Plaintiff hereby incorporates by reference the previous paragraphs of this Complaint as though set forth at length herein.

32. Defendant requested that Plaintiff provide legal services on his behalf and on behalf of

ESIC and its employees. Plaintiff provided Defendant with the benefit of its legal services.

33. Defendant accepted the benefit of the legal services provided by Plaintiff.

34. Plaintiff requested that Defendant pay for the value of the benefit Plaintiff provided to Defendant.

35. Defendant refuses to pay for the benefit received from Plaintiff. This refusal constitutes unjust enrichment.

36. To allow Defendant to retain the value of the legal services provided by Plaintiff without payment of the same would be unfair and would unjustly enrich Defendant to the detriment of Plaintiff.

37. Due to Defendant's breach, Plaintiff has suffered significant damages in the form of unpaid legal fees and outstanding expenses advanced on behalf of Defendant.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment an amount in excess of $75,000 in its favor against Defendant together with pre-judgment and post judgment interest accruing at the rate of 18% per annum, attorney's fees and any other relief the Court deems just.

## COUNT III
## ACCOUNT STATED

38. Plaintiff hereby incorporates by reference the previous paragraphs of this Complaint as though set forth at length herein.

39. Defendant had a running account with Plaintiff, wherein Plaintiff performed legal services for Defendant and charged Defendant's account for those services.

40. Defendant refuses to pay for the outstanding charges to his account.

41. Plaintiff provided monthly invoices to Defendant.

42. Defendant has assented to the account by making payments on the account and failing

to raise any objection to the balance due.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment an amount in excess of $75,000 in its favor against Defendant together with pre-judgment and post judgment interest accruing at the rate of 18% per annum, attorney's fees and any other relief the Court deems just.

## COUNT IV
## FRAUD

43. Plaintiff hereby incorporates by reference the previous paragraphs of this Complaint as though set forth at length herein.

44. On or about January 8, 2020, when Defendant was tens of thousands of dollars in arrears, he sent Plaintiff a cheesecake and enclosed a note that stated the following:

> Thank you for doing a great job with our case. Although we have had challenges with respect to payment, we will always make sure our obligations are met. Please take this [cheesecake] as a token of our appreciation and we will ensure that your bill is paid shortly.

A true and correct copy of the note is attached as Exhibit "D."

45. Defendant signed the note.

46. Defendant made no payments after January 8, 2020.

47. At the time Defendant sent the note, he was aware that he was unwilling or unable to make further payments.

48. Alternatively, at the time Defendant sent the note, he had no idea whether he could make further payments and made the representations in the note with reckless disregard for whether the representations were accurate.

49. Defendants sent the note with intent of misleading Plaintiff into relying on it and providing additional legal services.

50. Plaintiff in fact relied on the note and the representations contained within it by continuing to perform legal services.

51. Such reliance was justified.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment an amount in excess of $75,000 in its favor against Defendant together punitive damages and any other relief the Court deems just.

                        **ROBSON & ROBSON P.C.**

By: */s/ Edward S. Robson*
     Edward S. Robson, Esquire, I.D. 307381
     Cameron Q. Lang, Esquire, I.D. 328980
     Robson & Robson, PC
     2200 Renaissance Boulevard, Suite 270
     King of Prussia, PA 19406
     (T) 610-825-3009
     (F) 610-825-2620
     erobson@robsonlaw.com